LEHAN, Judge.
We affirm the trial court’s summary judgment for DeSoto County on its counterclaim asserting ownership of roads under Section 95.361, Florida Statutes (1983).
The county filed its counterclaim on June 4, 1982, claiming ownership of the *512 roads under that statute. Subsection (1) of Section 95.361 provides that
When a road, constructed by a county ... has been maintained or repaired continuously ... for 4 years by the county ..., the road shall be deemed to be dedicated to the public to the extent in width that has been actually maintained for the prescribed period ....
Subsection (2) of that statute provides that
The filing of a map in the office of the clerk of the circuit court of the county where the road is located showing the lands and reciting on it that the road has vested in the ... county ... in accordance with subsection (1) ... shall be pri-ma facie evidence of ownership of the land by the ... county_
In this case, approximately nine months after the counterclaim was filed, the county filed with the Clerk of the Circuit Court, in accordance with subsection (2) of the statute, a right-of-way map which, consistent with subsection (2), recited that the road had vested in the county in accordance with the statute. A certified copy of that right-of-way map was thereafter attached to the county’s motion for summary judgment. It is our conclusion that the county thereby properly employed the second of the two methods of proof spelled out in Section 95.361 to establish its ownership of the roads and that appellant landowner did not controvert that proof so as to preclude summary judgment for the county.
We recognize appellant’s argument that the filing of the right-of-way map nine months after the county filed its counterclaim was merely prima facie evidence of the county’s maintenance of the roads for four years prior to filing the map, not for four years prior to filing the counterclaim and that, therefore, the county was not entitled to summary judgment. However, subsection (2) does not state that the map is prima facie evidence of maintenance for the preceding four years; the statute makes the map prima facie evidence of ownership. Thus, by submitting the map into evidence in this lawsuit, the county submitted evidence of ownership of the disputed roads, and the burden was on appellant to rebut that prima facie showing of ownership.
One way to rebut would have been to show that, contrary to the recitation on the face of the map, the requirements of subsection (1) had not been complied with to properly vest ownership in the county. However, in opposition to the county’s motion for summary judgment, the landowner filed nothing showing that the county had not constructed and maintained or repaired the road for at least four years prior to the filing of the county’s counterclaim. Therefore, appellant failed to rebut the county’s prima facie showing of ownership.
The landowner also contends that summary judgment was precluded by the existence of a fact issue relative to the width of the road. It is argued that such an issue was created by the landowner’s answers to interrogatories. However, we find nothing in those answers to interrogatories contesting the width of the road as established on the map as having been maintained or repaired by the county for the requisite period. Although those answers to interrogatories make assertions as to an existing 9-foot roadway that the county replaced with a widened shell road and adjacent shoulders, they say nothing as to when the county worked on the road or that the map described more than was actually maintained or repaired.
AFFIRMED.
RYDER, C.J., and SCHOONOVER, J., concur.